IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SHANNON POULSON,<br>　　　　　Defendant. | Criminal Case No. 2:18cr49 (RCY) |

**MEMORANDUM OPINION**

This matter is before the Court on Shannon Poulson's ("Defendant") *pro se* Motion for Compassionate Release ("Motion"). Mot. for Compassionate Release, ECF No. 50. For the following reasons, Mr. Poulson's Motion will be denied.

**I.     BACKGROUND**

On February 4, 2018, Mr. Poulson was named in a five-count indictment, charging him with Conspiracy to Distribute and Possess with Intent to Distribute One Kilogram or More of Heroin and 500 Grams or More of Methamphetamine, in violation of Title 21 U.S.C. §§ 846, 841(a)(l), and 841(b)(l)(A) (Count One); Distribution and Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. § 841(a)(l) and (b)(l)(C) (Count Two); Unlicensed Dealing in Firearms, in violation of 18 U.S.C. §§ 922(a)(l)(A), 923(a), and 924(a)(l)(D) (Count Three); Possession of a Firearm in Furtherance of a Drug-Trafficking Crime, in violation of 18 U.S.C. § 924(c)(l)(A) (Count Four); and Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(l) and 924(a)(2) (Count Five). Indictment, ECF No. l. On June 6, 2018, pursuant to a written plea agreement with the Government, Defendant appeared before the Court and pled guilty to

Counts One (Conspiracy to Distribute and Possess with Intent to Distribute) and Five (Felon in Possession of Firearm). Plea Agreement, ECF No. 14, 15. On November 9, 2018, Defendant was sentenced to two-hundred forty (240) months imprisonment on Count One and one-hundred twenty (120) months imprisonment on Count Five, to be served concurrently for a total of two-hundred forty (240) months imprisonment with a five (5) year term of supervised release. J. at 2-3, ECF No. 29. Defendant filed a notice of appeal and appealed the Court's Final Judgment to the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"). Notice of Appeal, ECF No. 32. In granting in part the Government's motion to dismiss Defendant's appeal, the Fourth Circuit otherwise affirmed the District Court's judgment finding "no meritorious grounds for appeal." *See United States v. Poulson*, No. 18-4850, at *1 (4th Cir. 2019) (per curiam). ECF No. 45. On September 22, 2020, Defendant filed a Motion for Compassionate Release (ECF No. 47) that was denied by the Court on October 5, 2020. Order, ECF No. 48.

On May 16, 2022, Mr. Poulson filed the instant Motion for Compassionate release under 18 U.S.C. § 3582(c). Mot. for Compassionate Release, ECF No. 50. He argues that his mother's health and her need of his care presents an "extraordinary and compelling" reason for compassionate release. *Id.* at 7. Mr. Poulson asks the Court to convert his remaining sentence to home confinement. *Id* at 8.

The Court ordered the Government and the United States Probation Office to advise the Court of their positions on Mr. Poulson's Motion. Order at 1–2, ECF No. 52. Both oppose the Motion. Resp. in Opp'n, ECF No. 54; Recommendation at 1, ECF No. 58. The Motion is fully briefed and now ripe for a decision.

## II.     LEGAL STANDARDS

Title 18 U.S.C. § 3582(c)(1)(A) provides that a district court may reduce a term of imprisonment after it has been imposed "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).

The United States Court of Appeals for the Fourth Circuit has found this requirement to be a non-jurisdictional claim processing rule. *United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021). Therefore, it may be waived or forfeited if not timely raised. *Id*; *see also, e.g.*, *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (same).

"When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Alam*, 960 F.3d at 834 (quoting *Hamer v. Neighborhoods Hous. Servs. of Chicago*, 138 S. Ct. 13, 17 (2017)). "Because 'Congress sets the rules' when it comes to statutory exhaustion requirements, the judiciary has a role to play in exception-crafting 'only if Congress wants [it] to.' Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions." *Id.* at 834 (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016)). Therefore, the thirty-day waiting period is mandatory unless the Government waives or forfeits the requirement. *Id.* ("[M]andatory claim-processing rules bind the courts only when properly asserted and not forfeited.").

If a motion satisfies the statutory precondition, a district court may reduce the inmate's sentence if the Court finds that "extraordinary and compelling reasons warrant such a reduction" and concludes "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Fourth Circuit has ruled that there are

3

no applicable policy statements for the Court to consider in defining extraordinary and compelling reasons; it is within the Court's discretion to assess whether extraordinary and compelling reasons exist.[1] *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020).

District courts should also consider the sentencing factors under 18 U.S.C. § 3553(a) before granting a motion for compassionate release. *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021). Even if a court "finds that a defendant has demonstrated extraordinary and compelling reasons [for a reduction in sentence], it is still not required to grant the defendant's motion for a sentence reduction." *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021). A "court may deny a motion for compassionate release if the § 3553(a) factors override what would otherwise be extraordinary and compelling circumstances" meriting compassionate release. *Easter v. United States*, No. 4:16cr49(7), 2020 WL 3315993, at *4 (E.D. Va. June 18, 2020) (citing *United States v. Doumas*, No. 13cr-20, 2020 WL 3256734, at *2 (E.D.N.Y. June 16, 2020)); *see also Kibble*, 992 F.3d at 330–32.

### III.  APPLICATION

A.  <u>Statutory Precondition</u>

Mr. Poulson has satisfied the thirty-day waiting period pursuant to § 3582(c). Mr. Poulson filed his request with the warden on July 12, 2021. Mot. for Compassionate Release at 11, ECF No. 50. The Government notes that it received a copy of the defendant's inmate profile, which includes an entry showing a "COVID HOME CONFINEMENT DENIAL" dated October 15,

---

[1] Nevertheless, it is appropriate for the Court to look to USSG § 1B1.13 for guidance. *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021)

2021. Resp. in Opp'n at 3-4, ECF No. 54. Therefore, the precondition is met, and the Court proceeds with the merits of Mr. Poulson's request.

### B. Extraordinary and Compelling Reasons

To reduce an inmate's term of imprisonment, the Court must find that extraordinary and compelling reasons exist for a reduction in sentence. Mr. Poulson argues that his family situation warrants compassionate release, contending that his mother suffers from a physical state of total disability and that she is more vulnerable to the effects of the COVID-19 virus as a result. Mot. for Compassionate Release at 4-5, ECF No. 50. The "family circumstances" policy statement mentions that "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or the "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner" may warrant compassionate release. U.S.S.G § 1B1.13. Though an inmate's parents are not mentioned in the "family circumstances" policy, the Court recognizes the difficult health situation of Mr. Poulson's mother. Regardless, Mr. Poulson does not provide evidence that he is the only able caregiver for her; indeed, her care has been provided for by the Scranton Primary Health Care Center. Mot. for Compassionate Release, Ex. B at 4, ECF No. 51-1. The Defendant also intends to seek payment for his caretaking work (Mot. for Compassionate Release at 8, ECF No. 50), which could also be provided by someone who is not her incarcerated son. Indeed, the defendant's mother has seen numerous medical professionals for treatment over the past ten years and is currently on a significant regiment of prescription medications for her ailments. Mot. for Compassionate Release, Ex. B, ECF No. 51-1. Therefore, Mr. Poulson has not shown that his mother is devoid of care and that the only

available caregiver is the Defendant. This weighs against a finding of extraordinary and compelling reasons warranting release.

Another significant factor against a finding of extraordinary and compelling reasons warranting release is Mr. Poulson's vaccination status. Mr. Poulson was offered the Pfizer COVID-19 vaccine on April 1, 2021, but he refused it. Recommendation at 2, ECF No. 58. "Most courts have held vaccine refusal against defendants moving for compassionate release." *United States v. Greenlaw*, 2021 WL 1277958, at *6 (D. Me. Apr. 6, 2021) (collecting cases). The Court agrees with the great weight of authority that Mr. Poulson's voluntary refusal of a safe and effective vaccine must be considered a negative factor in determining whether extraordinary and compelling reasons warrant his release. While the Court respects Mr. Poulson's right to refuse vaccination, it cannot ignore Mr. Poulson's inconsistent behavior in petitioning the Court for compassionate release to care for his mother based on the risk of contracting COVID-19 while simultaneously refusing an effective medical intervention to reduce that risk for his mother. *See id.* at *7 ("To reward [the defendant] for [his] vaccination refusal would create a perverse incentive for defendants like [him] to refuse COVID-19 vaccines and put their lives and the lives of others in jeopardy in an effort to bolster their compassionate release motions.").

Furthermore, Mr. Poulson has not served the majority of his sentence. On November 6, 2018, Mr. Poulson was sentenced to 240 months imprisonment. Recommendation at 1, ECF No. 58. Mr. Poulson's projected release date is October 16, 2034, so Mr. Poulson has only served approximately 27.4% percent of his sentence. *Id*. This weighs against finding his circumstances extraordinary and compelling.

Mr. Poulson briefly refers to his own conditions of confinement and the risk of contracting COVID-19 to support his motion. Mot. for Compassionate Release at 6-7, ECF No. 50. However, the Court has rejected his previous Motion for Compassionate Release based on the same argument. Order, ECF No. 49. Mr. Poulson does not bring any new arguments related to his own medical situation or conditions of confinement in the present motion; therefore, the Court rejects the argument that Mr. Poulson's conditions of confinement or risk of contracting COVID-19 constitute "extraordinary and compelling" grounds for compassionate release.

In conclusion, Mr. Poulson's family situation, while difficult, does not warrant release. Additionally, Mr. Poulson has only served 27.4 percent of his sentence. Because Mr. Poulson has failed to establish extraordinary and compelling reasons for release, his Motion for Compassionate Release is denied. The Court need not reach the question of whether the 18 U.S.C. § 3553(a) factors support release.

## IV.     CONCLUSION

For the foregoing reasons, Mr. Poulson's *pro se* Motion for Compassionate Release (ECF No. 50) will be denied.

An appropriate Order shall issue.

/s/
Roderick C. Young
United States District Judge

Richmond, Virginia
Date:  August 31, 2022